

FILED
FEB 5 - 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE GRAND JURY SUBPOENA FOR: [REDACTED]@YAHOO.COM | Case No. 5:15-cr-90096-PSG<br><br>**ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 2705(b)** |

The Stored Communications Act authorizes a court to prohibit providers of electronic communications services from disclosing the existence of a grand jury subpoena. Before the court is an application from the United States for just such an order to Yahoo! Inc. But rather than requesting that Yahoo! be gagged for 60 days, 90 days or some other fixed period, the government wants Yahoo! gagged "until further order of the Court." Because such an indefinite order would amount to an undue prior restraint of Yahoo!'s First Amendment right to inform the public of its role in searching and seizing its information, the court DENIES the government's application.

I.

Among its products, Yahoo! offers web-based email. Users may sign up for an email account at yahoo.com. After the government came to learn that one particular account may have information relevant to an ongoing grand jury investigation,[1] it served Yahoo! with a grand jury

---

[1] The details of which are irrelevant to the application at hand.

1

Case No. 5:15-cr-90096-PSG
ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 2705(b)

subpoena. The subpoena requests various customer and subscriber account information for the account of interest. As is often the case with such requests, the government informed Yahoo! that it need not actually appear before the jury so long as it provided the agent serving the subpoena with all the information requested.

In parallel with the subpoena, the government filed an application with the court for an order directing Yahoo! not to notify others of the subpoena's existence. 18 U.S.C. § 2705(b) provides that "[a] governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703 (b)(1), or to the extent that it may delay such notice pursuant to subsection (a) of this section, may apply to a court for an order commanding a provider of electronic communications service . . . to whom a . . . subpoena . . . is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the . . . subpoena." When presented with such an application, "[t]he court shall enter such an order if it determines that there is reason to believe that notification of the existence of the . . . subpoena . . . will result in—

    (1) endangering the life or physical safety of an individual;

    (2) flight from prosecution;

    (3) destruction of or tampering with evidence;

    (4) intimidation of potential witnesses; or

    (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial."[2]

As authorized by the statute, the government presented its request ex parte. At the risk of stating the obvious, that means no counsel for Yahoo! has appeared, nor has any counsel for the target of the investigation.

---

[2] 18 U.S.C. § 2705(b).

## II.

The Supreme Court has long noted the significant undertaking of the grand jury in the criminal justice system. "Historically, the grand jury has served an important role in the administration of criminal justice. Although the English forerunner of the modern grand jury served primarily as a prosecutorial and investigative arm of the Crown and was designed to enhance the government's authority, by the 17th century the grand jury had developed an equally important function—to safeguard citizens against an overreaching Crown and unfounded accusations. The tradition of secrecy surrounding grand jury proceedings evolved, at least partially, as a means of implementing this latter function by ensuring the impartiality of that body."[3] "Today grand jury secrecy remains important to safeguard a number of different interests."[4]

But this secrecy is not unbounded. The Supreme Court itself has "recognized that the invocation of grand jury interests is not 'some talisman that dissolves all constitutional protections.'"[5] "Indeed, we have noted that grand juries are expected to 'operate within the limits of the First Amendment.'"[6] And so all courts, including ones like this one several rungs below, must balance the government's interests in preserving the confidentiality of federal grand jury proceedings against First Amendment concerns.[7]

---

[3] *Butterworth v. Smith*, 494 U.S. 624, 629-30 (1990) (citing S. BEALE & W. BRYSON, GRAND JURY LAW AND PRACTICE § 1:02, pp. 5-8 (1986); *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218-219, n.9 (1979); Robert J. Brown, *The Witness and Grand Jury Secrecy*, 11 AM. J. CRIM. LAW 169, 170 (1983)).

[4] *Id.* at 630.

[5] *Id.* (quoting *United States v. Dionisio*, 410 U.S 1, 11 (1973)).

[6] *Id.*

[7] *See id.* (citing *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 838 (1978); *Branzburg v. Hayes*, 408 U.S. 665, 690-91 (1972)).

3

Case No. 5:15-cr-90096-PSG
ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 2705(b)

This is not the first court to consider this balance in the specific context of a Section 2705(b) application. For example, in *In The Matter of the Application of the United States of America for an Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(B) for Grand Jury Subpoena # GJ2014031422765*, the government requested a similar gag order prohibiting Yahoo! from disclosing "the existence or content" of a federal grand jury subpoena.[8] When the magistrate judge invited Yahoo! to intervene and ordered the government to file a redacted copy of its application and proposed order, the government sought review by a district judge. After sorting out the authority to conduct such a review,[9] the district judge held that no statutory authority supported either the intervention invitation or the redaction order. Because the government had met the showing required for a court to issue the requested order for delayed notice under Section 2705(b), the court also granted the government's application for a non-disclosure order.[10]

Turning to the application at hand, the court confesses the temptation simply to apply the holding of the District of Columbia district court and move on. But magistrate judges are not rubber stamps, and there is a subtle, and ultimately critical, difference between the government's request in the District of Columbia and the request presented here. There, the government asked for a gag order "for 90 days or until further court order."[11] And so, without any further court action, on the 91st day, Yahoo! was free and clear to exercise its speech rights. Here, the

---

[8] *See In the Matter of Application of United States of Am. for an Order of Nondisclosure Pursuant to 18 U.S.C. §2705(B) for Grand Jury Subpoena # GJ2014031422765*, Case No. 14-mc-287, 2014 WL 2000343 at *5 (D.D.C. Apr. 28, 2014).

[9] The court rejected the government's argument that it could "appeal" such an order pursuant to Fed. R. Crim. P. 58, noting that "[t]he magistrate judge is not an inferior court, and the district court does not stand in an appellate capacity over the magistrate." The court then held that it could nevertheless review the order as an objection pursuant to 28 U.S.C. § 636(b). *Id.*

[10] *See id.*

[11] *Id.* at 1.

government includes no such cliff; Yahoo! would be gagged forever, unless the court were to take action to take the gag off.

As in *In the Matter of the Search Warrant for: [Redacted]@hotmail.com*,[12] a case involving Section 2705(b) request to gag disclosure of a Rule 41 warrant, "[t]ry as it might, the court cannot square this demand with other plain language in the section that authorizes the court to preclude notice only "for such period as the court deems appropriate. It is certainly true that an infinite period might qualify as a 'period' as a matter of mathematics or set theory. But a more common sense view of 'period' in the statute suggests some limit less than infinity."[13] The court further held that "Section 2705(b) clearly requires the court to define some end. That end could come in less than 90 days, 90 days exactly or even more than 90 days. Forever is by definition without end."[14] As to the possibility that a provider could seek relief in the form of a further court order, the court noted that

> this offers no practical solution to the problem of a never-ending initial order. How exactly would the court come to take such action? Surely the grounds for such a second order could come only at the behest of the government, which uniquely has access to the underlying facts of the investigation. But absent some expiration date on the initial order, what reason would the government ever have to request lifting the order? Pursuant to Section 2703(d), [the provider] could of course request that the order be lifted, or the court could issue the order sua sponte. But without access to the facts, there would be no basis upon which the court could make any decision. And nothing in the statute suggests putting the burden on the provider to guess that circumstances might have changed so that a request to lift the order is warranted.[15]

---

[12] *See* Case No. 5:14-mj-7188-PSG, Docket No. 1 (N.D. Cal. Nov. 25, 2014).

[13] *Id.* at 2-3.

[14] *Id.* at 3.

[15] *Id.* As my former colleague Judge Owsley has pointed out, this dynamic largely reflects institutional inertia, not some nefarious plot on the part of the dedicated public servants of the Department of Justice. "Busy federal prosecutors rightly focus more on the present and future investigation and prosecution of criminal activity, not the reexamination of long-concluded cases and investigations." Brian L. Owsley, *To Unseal or Not to Unseal: The Judiciary's Role in Preventing Transparency in Electronic Surveillance Applications and Orders*, 5 CALIF. L. REV. CIRCUIT 259, 264 (2014).

5

Case No. 5:15-cr-90096-PSG
ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 2705(b)

*Butterworth* cautions against imposing such a burden absent an "interest of the highest order."[16] The Court itself rejected the notion that an interest in preserving grand jury secrecy could "warrant a permanent ban on the disclosure by a witness of his own testimony once a grand jury has been discharged."[17] Among other things, the Court noted, "[w]hen an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other."[18] The Court also noted that any government interest "in preventing the subornation of grand jury witnesses who will later testify at trial" is adequately protected by criminal penalties for "both perjury and tampering with witnesses."[19] As for any government's interest "in seeing that persons 'who are accused but exonerated by the grand jury will not be held up to public ridicule,'"[20] the Court noted that "absent exceptional circumstances, reputational interests alone cannot justify the proscription of truthful speech."[21] Finally, the Court noted "the fact that neither the drafters of the Federal Rules of Criminal Procedure, nor the drafters of similar rules in the majority of the States, found it necessary to impose an obligation of secrecy on grand jury witnesses with respect to their own testimony to protect reputational interests or any of the other interests."[22]

---

[16] *Butterworth*, 494 U.S. at 632.

[17] *Id.*

[18] *Id.* at 633.

[19] *Id.* at 633-634.

[20] *Id.* at 634 (quoting *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979)).

[21] *Id.* (citing *Landmark*, 435 U.S. at 841-42).

[22] *Id.* at 635.

As in *hotmail*, "[e]ven if the statute could fairly be read to permit a court to prohibit notification indefinitely upon a proper showing, no such showing was made here."[23] Meanwhile, were the court to grant the government's request, Yahoo! would be prohibited from ever sharing the existence of the subpoena with anyone—even years after the grand jury moved on to other things. In an era of increasing public demand for transparency about the extent of government demands for data from providers like Yahoo!, this cannot stand. The government is free to try again to make such a showing. Alternatively, it may submit a renewed request justifying a finite period.[24]

**SO ORDERED.**

Dated: February 5, 2015

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

[23] *See* Case No. 5:14-mj-7188-PSG, Docket No. 1 at 4 (N.D. Cal. Nov. 25, 2014).

[24] The Clerk shall publicly file a copy of this order, redacted of the account at issue, but seal the application, all documents related to the application and an unredacted copy of this order.